```
                FILED
             U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF MARYLAND
            2002 DEC 11  P 1:03
```

OLES ENVELOPE, LLC,

v.                                         Civil Action No. WMN-02-2017

GTD COMPANY, INC., et al.

**MEMORANDUM**

Before the Court is a motion for partial dismissal filed by Defendants GTD Company, Inc., Harold Robinson, and David Oechsle. Paper No. 10.[1] The motion is fully briefed. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and that the motion will be granted in part and denied in part.

This action arises out of an agreement whereby Defendants Harold Robinson and David Oechsle sold the assets and goodwill of their company, the Ro Envelope Company, to Plaintiff Oles Envelope, LLC. The Ro Envelope Company is now known as GTD Company, Inc. [GTD]. At the time of the sale, Robinson and Oechsle also executed employment agreements whereby Robinson agreed to serve as the President, and Oechsle to serve as the Vice President of the sold company, and both men agreed to devote their "full business time, attention, skill and energy" to the

---

[1] Also pending is Plaintiff's motion for leave to file an amended complaint for the purpose of adding Oles Envelope Corporation as a named plaintiff. Paper No. 27. The motion is unopposed and will be granted.

performance of their duties for that company. Defs.' Exh. B at 3.

According to the Complaint, immediately upon completion of the sale, Defendants Robinson and Oechsle embarked upon a scheme to enrich themselves at the expense of Plaintiff. They devoted their time and energy, not to the operations of GTD, but rather to a trucking company that they owned and operated out of the former Ro Envelope Company offices. They also charged illegitimate personal expenses to Plaintiff and commenced an embezzlement scheme whereby they deposited checks payable to Plaintiff into their own accounts. In February 2001, Plaintiff discovered the expense account abuses on the part of Defendant Oechsle, and Oechsle resigned shortly thereafter. Robinson retired in July 2001 and thereafter, commenced enticing customers away from Plaintiff to a competitor.

Plaintiff's Complaint contains claims for Rescission (Count I); Breach of Contract (Count II); and Breach of Fiduciary Duty (Count III). Defendants have moved to dismiss the rescission and breach of contract claims on the ground that, under Pennsylvania law,[2] a plaintiff cannot bring claims for both recission and breach of contract in the same action. Defendants have also moved to dismiss the rescission claim on the grounds that, (1)

---

[2] The parties agree that the substantive law to be applied in this action is that of Pennsylvania.

under Pennsylvania law, rescission is only available where the contract at issue was induced by fraud and (2) Plaintiff failed to seek rescission in a timely manner.  Finally, Defendants assert that all claims against GTD should be dismissed based upon the absence of any allegations in the complaint specifically directed to that entity.

A motion made pursuant to Fed. R. Civ. P. 12(b)(6) allows a claim to be dismissed for failure to state a claim upon which relief can be granted.  The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the statement of the claim.  Chertkof v. Baltimore, 497 F. Supp. 1252, 1258 (D. Md. 1980).  The standard for a motion to dismiss is well known: a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Faulkner Advertising Assoc. v. Nissan Motor Corp, 905 F.2d 769, 771-72 (4th Cir. 1990).  For the purposes of ruling on a motion under Rule 12(b)(6), the Court must accept the allegations contained in the complaint as true, and must liberally construe the complaint as a whole.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Finlator v. Powers, 902 F.2d 1158 (4th Cir. 1990).

As to Defendants' challenge to Plaintiff's pleading of alternative theories of recovery, the Court notes that, although Pennsylvania law provides the substantive law in this action, the

rules applied to the determination of pleading requirements are those of the Federal Rules of Civil Procedure. See Hanna v. Plumer, 380 U.S. 460 (1965). The Federal Rules specifically provide for alternative or inconsistent pleading. See Fed. R. Civ. P. 8(a) and 8(e). Thus, while Plaintiff would not be entitled to recover under the inconsistent theories of recission and breach of contract, it need not elect which theory or remedy to pursue at the pleading stage.

Turning to Defendants' second argument, it is true that Pennsylvania law recognizes the right of recission where a contract is induced by fraud. See Mellon Bank Corp. v. First Union, 951 F.2d 1399, 1408 (3rd Cir. 1991). Pennsylvania law also recognizes the right of recission, however, "when the complaining party has suffered a breach of such a fundamental and material nature that it affects the very essence of the contract and serves to defeat the object of the parties." Castle v. Cohen, 676 F. Supp. 620, 627 (E.D. Pa. 1987). The allegations in the Complaint would support such a claim. Plaintiff alleges that they intended to purchase an envelope company, as well as the services and expertise of its officers. Instead, Defendants' alleged conduct deprived Plaintiff of both those services and the value of the company. Although this characterization can certainly be tested at later stages in this litigation, the Court finds the allegations sufficient to withstand a motion to

dismiss.

Similarly, Defendants' argument regarding the untimeliness of Plaintiff's request for recission is premature. To obtain rescission, Pennsylvania law requires that "when a party discovers facts which warrant rescission of his contract, it is his duty to act promptly, and, in case he elects to rescind, notify the other party without delay, or within a reasonable time." Fichera v. Gording, 227 A.2d 642, 643-44 (Pa. 1967). The Complaint indicates that Plaintiff first learned of the expense account abuse sometime in 2001. Plaintiff first informed Defendants of its desire to rescind the agreement on May 3, 2002, when it did so by letter to Defendants' counsel. Assuming a finding that the length of this delay was unreasonable, the Court cannot conclude that knowledge of the expense account abuse, alone, was sufficient to trigger Plaintiff's duty to seek rescission upon receipt of that information. While the Complaint does not specify when Plaintiff learned of the embezzlement scheme, Plaintiff states in its opposition that discovery will reveal that it was not until sometime in 2002. Opp. at 10. From the Complaint, the Court cannot determine whether Plaintiff's recission claim has been waived.

---

[3] In their Reply memorandum, Defendants raise what is perhaps their most compelling argument against the availability of a recission remedy, i.e., that it is no longer possible for Plaintiff to return the parties to the status quo ante. Defendants assert that, since the filing of the Complaint,

Finally, as to the claims against GTD, the Complaint alleges that GTD (formerly known as Ro Envelope Company, Inc.) is a party to the asset agreement, and that the agreement contains an indemnification provision stating that GTD and Robinson and Oechsle are jointly and severally liable to indemnify Plaintiff for all claims resulting from a breach of any provision contained in the asset agreement. Complaint at ¶ 24. This is a sufficient basis upon which to impose liability on GTD under the rescission and breach of contract claims. Plaintiff acknowledges that it cannot assert a breach of fiduciary duty claim against GTD.

For the above stated reasons, Defendants' motion will be denied in its entirety, except as to the breach of fiduciary duty claim against GTD, which shall be dismissed. A separate order will issue.

                                              /s/ William M. Nickerson
                                              William M. Nickerson
                                              Senior United States District Judge

Dated: December 11, 2002

---

Plaintiff has shut down the company completely, thus, there is nothing left to tender back to Defendants. Again, this is not an issue that can be resolved at this stage of the litigation.