IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| OLES ENVELOPE, LLC, <u>et al.</u>, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-2017 |
| GTD COMPANY, INC., <u>et al.</u>, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFFS' AMENDED COMPLAINT AND FOR SUMMARY JUDGMENT ON
COUNTS I, II AND IV OF COUNTERCLAIMANTS' COUNTERCLAIM OR,
<u>IN THE ALTERNATIVE, AN ORDER PURSUANT TO RULE 56(d)</u>**

Defendants, GTD Company, Inc., Harold T. Robinson and David Oechsle ("Defendants"), by their undersigned attorneys and pursuant to F.R.Civ.P. 56, hereby move this Honorable Court for the entry of summary judgment on the claims in Plaintiffs' Amended Complaint on the grounds that there is no genuine dispute as the material facts and the Defendants are entitled to judgment as a matter of law. In the alternative, Defendants seek an order by the Court pursuant to Rule 56(d) specifying Plaintiffs' major factual allegations not to be in controversy. These parties also move for summary judgment as to liability on Counts I, II and IV of their Counterclaim. In support thereof, the Defendants and Counterclaimants state as follows:

1.   This action arises from the sale of the assets of a company owned by Defendants, Harold T. Robinson and David Oechsle, to Plaintiff, Oles Envelope, LLC ("Oles LLC"), a subsidiary of Plaintiff, Oles Envelope Corporation ("OEC") (collectively, the "Plaintiffs"). In a bold attempt to avoid paying the bulk of the purchase price (almost all of which was deferred), Plaintiffs filed this action

seeking rescission of several of the agreements entered into between the parties at the time of the closing of the sale, 2-1/2 years before, and damages for alleged breaches of contract and fiduciary duty by Defendants Robinson and Oechsle.  Defendants filed a Counterclaim seeking damages for Plaintiffs' failure to pay the remainder of the purchase price and other breaches of contract.

2. Plaintiffs, through their claims, seek to be excused from their obligation to pay about three-quarters (3/4) of the uncontingent purchase price they agreed in 1999 to pay for RO Envelope's business (through the rescission claim) or, in the alternative, damages for an amount far in excess of the unpaid purchase price.  To justify these extraordinary claims, Plaintiffs have alleged, quite literally, a laundry list of wrongdoing by Defendants – numbering 10 factual allegations in all – to support each of their four claims.  Moreover, they then claim that this panoply of supposed misconduct caused the destruction of this business (and the loss of what Plaintiffs say is the "equity value" that they "expected" to receive from the business if everything had turned out perfectly in accordance with Plaintiffs' pre-acquisition business projections and hopes).

3. A careful analysis demonstrates that Plaintiffs' claims regarding Defendants' wrongdoings are made out of whole cloth:  Plaintiffs have no evidence to support nearly all of these allegations.  The only claim in legitimate factual dispute concerns 1 of Plaintiffs' 10 factual assertions (relating to alleged improper expense payments), and the evidence demonstrates that this claim is for only a few thousand dollars.

4. Just as importantly, Plaintiffs lack any evidence whatsoever to support their fundamental theory that the Oles LLC business was destroyed because of anything Defendants did and, thus, their damage theory is just that – a theory – fundamentally missing a necessary factual foundation.

5. Because of the dearth of evidence, Defendants request the Court to enter summary judgment on each of the legal claims as it relates to 9 or the 10 factual assertions, or, in the alternative,

to determine pursuant to Rule 56(d) that 9 of those 10 allegations are wholly unsupported and without controversy.

6.  Defendants also request that the Court determine that Plaintiffs' claim for an award of their "expectation damages" is unsupported by any causation evidence, is wholly speculative, is not in controversy and, thus, is not recoverable. This relief will greatly simplify this case for trial, and extract from the case the many allegations which have not been and cannot be adequately supported by Plaintiffs, and, plainly, place this litigation in a posture where settlement is possible.

7.  Counterclaimants also assert that there is no genuine dispute as to any material fact related to their breach of contract claims set forth in Counts I, II and IV of their Counterclaim, and request the entry of summary judgment on liability for each of those claims. Regardless of the Court's determination on the Motion with respect to Plaintiffs' claims, the Counterclaims are ripe for decision and the entry of a judgment as to liability will streamline the issues and proof for trial.

8.  In support of this Motion, Defendants refer the Court to the Memorandum in Support of Defendants' Motion for Summary Judgment on Plaintiffs' Amended Complaint and for summary judgment on Counts I, II and IV of Counterclaimants' Counterclaim, or, in the Alternative, an Order Pursuant to Rule 56(d), filed contemporaneously herewith and incorporated herein, as well as the Appendix of supporting exhibits and the related Request for Hearing.

WHEREFORE, for the reasons more fully set forth in the accompanying Memorandum, Defendants and Counterclaimants request that their Motion for Summary Judgment on Plaintiffs' Amended Complaint and for summary judgment on Counts I, II and IV of their Counterclaim or, in the

Alternative, an Order Pursuant to Rule 56(d), be granted, and that the Court award such other and further relief as justice and this cause may require.

                Respectfully submitted,

                _____/s/_____
                Jefferson V. Wright (Federal Bar No. 00990)
                Tessa Laspia Frederick (Federal Bar No. 25374)
                Brian D. Craig (Federal Bar No. 25710)
                Miles & Stockbridge P.C.
                10 Light Street, Suite 1200
                Baltimore, Maryland 21202
                (410) 727-6464

                Attorneys for Defendants,
                GTD Company, Inc., Harold T. Robinson
                and David Oechsle

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of August 2003, I served the foregoing **Defendants' Motion for Summary Judgment on Plaintiffs' Amended Complaint and for summary judgment on Counts I, II and IV of Defendant's Counterclaim, or, in the Alternative, an Order Pursuant to Rule 56(d)** was served via first class mail, postage prepaid, on:

>Ward B. Coe, III, Esquire
>Jennifer R. Lazenby, Esquire
>Whiteford, Taylor & Preston, L.L.P.
>Seven Saint Paul Street
>Baltimore, Maryland 21202
>
>Attorneys for Plaintiffs and CounterDefendants

                                                /s/
                                    Jefferson V. Wright