IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| OLES ENVELOPE, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-2017 |
| GTD COMPANY, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
CRIMINAL PROCEEDINGS RELATING TO DAVID OECHSLE**

Defendants and Counterclaimants, GTD Company, Inc., Harold T. Robinson and David Oechsle (collectively, the "Defendants"), by their undersigned counsel, hereby submit this Motion in Limine to Exclude Evidence of Criminal Proceedings Relating to David Oechsle.

**INTRODUCTION**

Defendants may seek to introduce evidence of Defendant David Oechsle's ("Mr. Oechsle") arrest and the pre-trial resolution of the charges following the criminal investigation initiated by Plaintiffs based on their belief that Mr. Oechsle was involved in the alleged embezzlement scheme at issue in this case. As set forth below, his arrest and the subsequent pre-judgment disposition, which is not a considered a conviction, must be excluded because any probative value is substantially outweighed by the likelihood of unfair prejudice. Moreover, such evidence is inadmissible for impeachment purposes under the Federal Rules of Evidence. Accordingly, Defendants seek an order from this Court excluding any evidence relating to Mr. Oechsle's arrest, prosecution, and pre-trial disposition of the criminal charges.

## BACKGROUND

In January 2001, Plaintiff, Oles LLC's and RO Express, Inc.'s ("RO Express") bookkeeper, Joseph O'Brien ("Mr. O'Brien"), resigned suddenly, after which it was immediately discovered that he had been embezzling funds from Oles LLC and RO Express. The embezzlement scheme is one of the factual allegations that form the basis for Plaintiffs' claims in this case. There is no dispute that Mr. O'Brien had misrepresented himself as an officer of RO Express and opened up an unauthorized bank account in the name of RO Express into which he diverted checks made payable to RO Envelope. He also diverted checks made payable to Oles LLC into an existing account for RO Express. There is also no dispute that Defendants were unaware and did not authorize such activities. Mr. O'Brien ultimately pled guilty in Pennsylvania to a charge of criminal theft for these activities.

On February 14, 2001, approximately one month after Mr. O'Brien resigned, Mr. Oechsle met with Steve Stacharowski, former Vice President of Human Resources at Oles Envelope Corporation ("OEC"), and Jay Young, President of OEC, to discuss certain expenses Mr. Oechsle had submitted for payment or reimbursement over the prior seventeen (17) months since the acquisition, which Plaintiffs challenged as improper. About a week later on February 23, 2001, Mr. Oechsle resigned, at the request of Plaintiffs, as a result of the challenged expenses. Shortly thereafter, Plaintiffs initiated a criminal investigation in connection with what they believed was Mr. Oechsle's involvement in the O'Brien embezzlement scheme. On or about April 23, 2002, based on Plaintiffs' allegations of embezzlement, Mr. Oechsle was arrested and charged in Pennsylvania with theft by deception, receiving stolen property and theft by failure to make required disposition of funds. See Commonwealth of Pennsylvania charging documents, attached hereto as Exhibit A.

In October 2002, Mr. Oechsle agreed to enter the Pennsylvania Accelerated Rehabilitative Disposition ("ARD") Program for a period of two years. See Stipulation dated October 29, 2002, a copy

of which is attached hereto as Exhibit B. On October 29, 2002, the Court of Common Pleas, Chester County, Pennsylvania, entered an Order accepting Mr. Oechsle into the ARD Program, which required Mr. Oechsle to complete 200 hours of community service and to pay restitution to Oles LLC in the amount of $16,451.33. See Order of Court dated October 29, 2002, a copy of which is attached hereto as Exhibit C. Assuming Mr. Oechsle successfully completes the ARD Program, all charges against him will be dropped. As of today, therefore, Mr. Oechsle has not been convicted of any crimes arising out of the alleged embezzlement scheme at issue in this case.

**ARGUMENT**

**I.    Evidence of Arrest and ARD Disposition are not Admissible to Prove Oechsle's Involvement in an Alleged Embezzlement Scheme.**

Evidence of an arrest or criminal prosecution, without a conviction, generally is inadmissible in a civil trial to establish the occurrence of the act to which the arrest pertained. See Hafner v. Brown, 983 F.2d 570, 576 (4th Cir. 1992) (referring to "general prohibition against introducing arrests not leading to conviction"); Jordon v. Medley, 711 F.2d 211, 218 (D.C. Cir. 1983). The reason why evidence of an arrest is inadmissible is that an arrest, without more, simply is not probative of whether a person actually committed the underlying act as "arrests happen to the innocent as well as the guilty." See United States v. Ling, 581 F.2d 1118, 1121 (4th Cir. 1978) (quoting Michelson v. United States, 335 U.S. 469, 482, 69 S. Ct. 213, 222 (1948)). Even if such evidence were relevant under Rule 402, any probative value such evidence might have is substantially outweighed by the risk of unfair prejudice. See Fed. R. Evid. 403.

In this case, there is no dispute that Mr. Oechsle was never convicted of any crimes in connection with the embezzlement scheme perpetrated by Mr. O'Brien. Although he was arrested, Mr. Oechsle was ultimately referred to the ARD Program, which disposition is not a conviction. See Commonwealth v. Brown, 673 A.2d 975, 979 (Pa. Super. 1996) (holding that defendant's participation in an ARD program was not a conviction); 28 C. Wright & V. Gold, *Federal Practice and Procedure,*

3

*Evidence* § 6133, at p. 208 ("indictments, arrests, or other preliminary determinations in a criminal context, are not convictions under Rule 609 since they are not based on a finding of guilt beyond a reasonable doubt."). Therefore, evidence relating to Mr. Oechsle's arrest and subsequent ARD disposition clearly is inadmissible to prove that he was involved in the embezzlement scheme that forms that basis for the allegations in the Complaint.[1]

## II.     Evidence of Arrest and ARD Disposition is not Admissible for Impeachment Purposes.

Federal Rule of Evidence 609(b) permits evidence of *convictions* to be used to impeach a witness under certain circumstances. However, mere arrests not leading to a conviction, as well as pre-judgment dispositions that do not constitute convictions, are inadmissible under Rule 609. Hafner, 983 F.2d at 576; Ling, 581 F.2d at 1121. This rule is based on a clear recognition that "the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame or prejudice the jury." Id.

As set forth above, Mr. Oechsle was not convicted of any crime relating to the embezzlement scheme. While he was arrested (based on Defendants' complaint to the authorities in Pennsylvania) and ultimately agreed to participate in an ARD Program, such a disposition is not considered a conviction for impeachment purposes. See Brown, 673 A.2d at 979; Wright & Gold, supra, at p. 208. Therefore, evidence of Mr. Oechsle's arrest and ARD disposition is not admissible for impeachment purposes under Rule 609.

---

[1] Such evidence also is inadmissible to the extent it constitutes hearsay. While there is a hearsay exception for *felony convictions*, see Fed. R. Evid. 803(22); as addressed above, Mr. Oechsle was not convicted of any crimes in connection with the alleged embezzlement scheme at issue in this case.

4

**CONCLUSION**

For the foregoing reasons, Defendants, GTD Company, Inc., Harold T. Robinson and David Oechsle, respectfully request that the Court grant this Motion in Limine to Exclude Evidence of Criminal Proceedings Relating to David Oechsle and issue an Order:

A. Excluding any evidence, <u>including any documents, direct and cross examination questions and testimony of witnesses</u>, referring or relating to the fact that Mr. Oechsle was arrested and charged in connection with an alleged embezzlement scheme, which is at issue in this case, and excluding any evidence that the criminal matter was resolved by Mr. Oechsle's agreement to participate in an Accelerated Rehabilitative Disposition Program in Pennsylvania;

B. Prohibiting Defendants from referring to the fact that Mr. Oechsle was arrested and charged and that the criminal matter was resolved by Mr. Oechsle's agreement to participate in an Accelerated Rehabilitative Disposition during their opening statement and their closing argument; and

C. Granting such other and further relief as justice and equity require.

Dated: March 16, 2004                                /s/
                                                              Jefferson V. Wright (Federal Bar No. 00990)
                                                              Tessa Laspia Frederick (Federal Bar No. 25374)
                                                              Brian D. Craig (Federal Bar No. 25710)
                                                              Miles & Stockbridge P.C.
                                                              10 Light Street, Suite 1200
                                                              Baltimore, Maryland 21202
                                                              (410) 727-6464

                                                              Attorneys for Defendants and Counterclaimants,
                                                              GTD Company, Inc., Harold T. Robinson
                                                              and David Oechsle