IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| OLES ENVELOPE, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-2017 |
| GTD COMPANY, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE
REGARDING ALLEGED IMPROPER FREIGHT CHARGES BY RO EXPRESS**

Defendants, GTD Company, Inc., Harold T. Robinson and David Oechsle (collectively, the "Defendants"), by their undersigned counsel, hereby submit this Memorandum in Support of Motion in Limine to Exclude Evidence of Alleged Improper Freight Charges by RO Express, Inc.

**INTRODUCTION**

In their Opposition to Defendant's Motion for Summary Judgment, Plaintiffs alleged that RO Express, Inc. ("RO Express") overcharged RO Envelope for shipping on a handful of occasions. Defendants attached as an Exhibit the affidavit of Mark Moderacki, former Vice President and CFO of Oles Envelope Corporation, who testified regarding alleged overcharging by RO Express. In his affidavit, Mr. Moderacki refers to several documents that Defendants contend support their claim that RO Express over charged RO Envelope for shipping. Significantly, RO Express is not a party to this action and there are no allegations in the Complaint or Amended Complaint regarding RO Express overcharging Plaintiff, Oles Envelope, LLC ("Oles LLC") for shipping. Since Plaintiffs obviously are not seeking damages from Defendants for alleged improper freight charges by RO Express, any evidence of alleged improper freight charges is not relevant and, therefore, must not be admitted.

The only possible purpose for this evidence is for attacking the character of Mr. Robinson and Mr. Oechsle by attempting to prove that they were more likely to have done the bad acts alleged in this case., *i.e.*, the alleged embezzlement scheme, expense account abuse, etc. However, evidence of other wrongs or acts is inadmissible under Rule 404(b) for that purpose. Accordingly, Defendants seek an order excluding any evidence relating to alleged improper freight or shipping charges by RO Express.

## BACKGROUND

RO Express is a now-defunct freight or delivery business, which, until February 2001, was owned and operated by Robinson and Oechsle out of the same Exton, PA facility from which Oles LLC was operated, and thereafter out of a different location through mid-2002.[1] Subsequent to the acquisition of RO Envelope by Plaintiffs and through 2000, RO Express provided freight or delivery services to Oles LLC, which was its largest customer. Oechsle depo., Exh. 6, at pp. 276-77.[2]

Plaintiffs were fully aware of RO Express prior to the acquisition. Indeed, Oles agreed as a part of the acquisition to utilize the services of RO Express for delivery of its printed products to customers for a 15-month period from the closing through December 31, 2000.[3] In addition, Plaintiffs expressly permitted Messrs. Robinson and Oechsle, in their Employment Agreements, "to manage and operate RO Express, Inc. . . . so long as such activities do not unreasonably interfere with [their] duties under [the] Agreement." Exhibits 12 and 13, at ¶ 7.2. In reality, however, Defendants spent very little time operating RO Express – only a few minutes a day and usually during their lunch hour or before their workday at Oles LLC began (the uncontroverted testimony was that Oechsle typically arrived at the

---

[1] See Relevant portions of the Deposition of Harold Robinson, included in Appendix to Defendants' Motion for Summary Judgment as **Exhibit 5** and incorporated herein by reference, at pp. 261-62 ,and relevant portions of Deposition of David Oechsle, included in Appendix to Defendants' Motion for Summary Judgment as **Exhibit 6**, at p. 227.

[2] Any references to Exhibits, unless otherwise indicated, are references to exhibits included in Defendants' Memorandum in Support of its Motion for Summary Judgment.

[3] See letter agreement dated September 30, 1999, included in Appendix to Defendants' Motion for Summary Judgment as **Exhibit 28**.

2

office in the early morning hours).[4]  Joseph O'Brien, a RO Express employee and Oles LLC bookkeeper, essentially ran the RO Express business and admitted that he personally "spent more time on RO Express business by far than either . . . Oechsle or . . . Robinson did." O'Brien depo., Exh. 14, at p. 184.  It was Mr. O'Brien who filled out the pricing on the shipping logs that were used as a basis for the billing that went to Oles, and prepared and forwarded the paperwork to Oles for payment.

In their Opposition to Defendants' Motion for Summary Judgment, Plaintiffs alleged for the first time that Mr. Robinson and Mr. Oechsle defrauded Oles LLC through improper freight charges by RO Express.  Plaintiffs allege that RO Express "inflated charges" for shipping, "duplicated" delivery logs, and "charged Oles LLC for delivery of jobs that were cancelled." Plaintiffs' Opposition at 23.  Although Plaintiffs implied that there was a long history of improper charges by RO Express, Plaintiffs offer absolutely no proof of this, and instead offered only a few specific examples of what they now contend are improper charges by RO Express (several of which Plaintiffs are simply incorrect that the charges were improper).

Most notably, there are no allegations of improper RO Express charges as described above in the Complaint or Amended Complaint.  Defendants vigorously dispute that they were engaged in any scheme to overcharge Oles through RO Express, and that there is anything more than a couple of arithmetic or transposition errors that may have lead to minor pricing errors.  If necessary, these issues will be addressed at trial.  But as a threshold matter, Defendants submit that this evidence is inadmissible.  Plaintiffs cannot be seeking damages as a result of the alleged RO Express excessive delivery charges.  Indeed, RO Express is not even a party to this action.  Thus, Plaintiffs do not seek to have Messrs. Robinson and Oechsle found liable in this case for alleged improper RO Express

---

[4] See Harold Robinson's Answers to Oles LLC's Interrogatories, included in Appendix to Defendants' Motion for Summary Judgment as **Exhibit 29**, at No. 6; David Oechsle's Answer to Oles LLC's Interrogatory No. 4, included in Appendix as **Exhibit 15** ; Robinson Affidavit, Exh. 9, ¶ 4; Oechsle Affidavit, Exh. 25, ¶ 4.

expenses.[5] Nevertheless, it is clear that Plaintiffs intend to introduce evidence at trial of alleged improper RO Express charges.  As discussed below, however, such evidence is inadmissible.

## ARGUMENT

### I. Evidence of Alleged Improper Freight Charges is not Relevant and is Unfairly Prejudicial.

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence that is not relevant is not admissible." Fed. R. Evid. 402.  In this case, evidence of alleged improper freight charges to Plaintiffs by RO Express is not relevant to the Plaintiffs' claims.  RO Express is not a party to this action, and Plaintiffs are not seeking, nor could they seek, damages resulting from the alleged improper freight charges.  In addition, the evidence regarding RO Express does not make the existence of any fact in this case more probable. See Fed. R. Evid. 401.

Even if the evidence were relevant, it is inadmissible because any probative value that the evidence has is substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 403 ("[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.").  Rule 403 requires the Court to go through a conscious process of balancing the costs of the evidence against its benefits.  See 22 Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure, Evidence* § 5214, at p. 263 (1978).

In this case, the risk of unfair prejudice in admitting evidence relating to alleged improper freight charges by RO Express, which entity is not a party and which expenses are not an element of Plaintiffs' damages claim, substantially outweighs any probative value the evidence might otherwise have.  The evidence clearly is meant to show that, because RO Express allegedly charged too much for shipping on

---

[5] Plaintiffs have not alleged, nor is there any basis to allege, that the corporate veil of RO Express should be pierced in order

a handful of occasions, Messrs. Robinson and Oechsle were more likely to have been involved in the alleged embezzlement scheme and other alleged wrongful actions by Defendants that Plaintiffs contend led to the destruction of Oles LLC. Such evidence would be highly prejudicial as there is no evidence that Messrs. Robinson and Oechsle were aware of the alleged improper charges by RO Express or had anything to do with them. The fact is that Joseph O'Brien, whom the parties will not dispute was involved in an embezzlement scheme that caused damage to both Plaintiffs and Defendants, essentially ran RO Express and was more involved in the day-to-day operations of RO Express than were Defendants.

Evidence of alleged improper freight charges by an entity that is not a party to this action to prove -- by suggestion or implication -- that Mr. Robinson and Mr. Oechsle were involved in other activities that Plaintiffs contend led to the demise of Oles LLC is unfairly prejudicial and such prejudice substantially outweighs any probative value the evidence might have. Accordingly, any evidence of alleged improper RO Express freight charges must be excluded at the trial in this matter.

## II.     Evidence of Alleged Improper Freight Charges Should Not Be Admitted Under Rule 404(b).

To the extent Plaintiffs seek to offer the evidence relating to alleged improper freight charges as character evidence, such evidence should not be admitted. Evidence of a person's character or trait of character "is not admissible for the purpose of proving action in conformity therewith." Fed. R. Evid. 404(a). Rule 404(b) further provides, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith." The basic reason for the inadmissibility of other wrongs or acts is that such evidence is irrelevant to prove the conduct in question. See 22 Wright and Graham, § 5239, at p. 436. It has "long been accepted in

---

to find Messrs. Robinson and Oechsle liable for any excess charges by RO Express.

our law . . . . [t]hat the doing of one act is itself no evidence that the same or a like act was again done by the same person." Id. (quoting 1 Wigmore, Evidence § 192, p. 642 (3rd ed. 1940)).

The Fourth Circuit has articulated a four-prong test for the admissibility of evidence under Rule 404(b) and Rule 403:

(1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the party;

(2) the act must be necessary in the sense that it is probative of an essential claim or element of a claim;

(3) the evidence must be reliable; and

(4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

Westfield Ins. Co. v. Harris, 134 F.3d 608, 614 (4th Cir. 1998) (citing United States v. Queen, 132 F.3d 991, 999-1000 (4th Cir. 1997)).

In this case, the evidence regarding RO Express does not satisfy any of the prongs of the test used in this Circuit. First, the evidence is not relevant to any issue in this case. RO Express is not a party to this case and any alleged improper charges are not a component of Plaintiffs' damages claim. As discussed above, there is no basis (and it would be improper) to impute RO Express' alleged improper conduct to Messrs. Robinson and Oechsle.

Second, any alleged improper conduct of RO Express is not necessary to or probative of an essential claim against Messrs. Robinson and Oechsle in this case as there is no evidence that Messrs. Robinson and Oechsle were aware of the alleged improper freight charges or had anything to do with them. Joseph O'Brien essentially ran RO Express and was more involved in the day-to-day operations of RO Express than were Defendants. Third, the evidence, if introduced against Defendants, is not reliable because there is no evidence that they had any involvement in alleged improper RO Express freight charges.

6

Finally, any limited probative value is substantially outweighed by unfair prejudice and confusion. Evidence of alleged improper RO Express freight charges cannot be admitted for the purpose of proving that Messrs. Robinson and Oechsle, because of the alleged wrongful acts involving RO Express, also were involved in the alleged acts at issue in this case, *i.e.,* expense account abuses, embezzlement schemes, etc. Even if RO Express' actions could somehow be imputed to Messrs. Robinson and Oechsle, simply because a person engages in one act does not mean, and is not probative of the proposition, that he conducted a similar act. Indeed, Rule 404(b) makes clear that such evidence is not admissible to show that a person acted in conformity with a prior wrongful act. Moreover, the evidence would confuse the jurors, who would likely (but improperly) paint Mr. Robinson and Mr. Oechsle with the same brush as the true perpetrator, Mr. O'Brien, who is not a party in this case.

Accordingly, under the test set forth by the Fourth Circuit, any evidence relating to alleged improper RO Express charges should be excluded under Rule 404(b).

## **CONCLUSION**

For the foregoing reasons, Defendants, GTD Company, Inc., Harold T. Robinson and David Oechsle, respectfully request that the Court grant their Motion in Limine and issue an Order:

A. Excluding any evidence, including testimony and documentation, relating to improper freight and/or shipping costs charged by RO Express to Oles LLC or Oles Envelope Corporation; and

B. Granting such other and further relief as justice and equity require.

Dated: March 16, 2004

_____/s/_____
Jefferson V. Wright (Federal Bar No. 00990)
Tessa Laspia Frederick (Federal Bar No. 25374)
Brian D. Craig (Federal Bar No. 25710)
Miles & Stockbridge P.C.
10 Light Street, Suite 1200
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Defendants and Counterclaimants,
GTD Company, Inc., Harold T. Robinson
and David Oechsle