IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| OLES ENVELOPE, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. WMN 02-2017 |
| GTD COMPANY, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF UNIDENTIFIED LOSSES**

Defendants and Counterclaimants, GTD Company, Inc., Harold T. Robinson and David Oechsle (collectively, the "Defendants"), by their undersigned counsel, hereby submit this Motion in Limine to Exclude Evidence of Unidentified Losses and state as follows.

**INTRODUCTION**

From the time the original Complaint was filed in May 2002 to the present time, Plaintiffs' claims and damages calculations have constantly shifted and changed. Plaintiffs have consistently been unable to quantify and/or prove the amount of their actual damages. Plaintiffs also concede that a significant portion of the identified actual damages have been repaid. Therefore, due to the simple fact that (1) Plaintiffs have been reimbursed by Defendants for all identified losses sustained by Plaintiff Oles Envelope, LLC and (2) Plaintiffs' new claim that approximately $20,000 in misappropriated funds still remains due and owing is wholly unsupported and unsubstantiated, such alleged $20,000 in actual damages are wholly speculative and evidence of such should be barred at the trial in this case.

## ARGUMENT

Plaintiffs do not and cannot dispute that all of the funds they can prove was wrongfully diverted by a former bookkeeper (or, allegedly, the Defendants) into any non-company accounts has long since been repaid. They are relegated instead, by their own admission, to a present claim that "approximately $20,000" of unspecified sums remain to be repaid. See Affidavit of Mark Moderacki, attached as Exhibit 12 to Plaintiffs' Response to Motion for Summary Judgment (the "Response"), at ¶ 13. Nowhere in Plaintiffs' Response do they even argue that these sums, or even the entire original sums they claim were wrongfully obtained and which were repaid, are material to the financial status of Oles LLC, and the only evidence in the record establishes the exact opposite (see Exhibit 23 in Appendix to Defendants' Motion).[1]

### I. Plaintiffs Fail to Quantify and Prove Actual Damages.

Under Pennsylvania law, in an action for breach of contract the Plaintiff has the burden of proving damages resulting from the breach by "clear evidence." Spang & Coe v. U.S. Steele Corp., 545 A.2d 861, 866 (Pa. 1988); Gorwara v. AEL, 784 F. Supp. 239 (E.D. Pa. 1992). In addition, a party must be able to prove that the damages for breach of contract were the "*certain result* of the Defendant's conduct." Spang, 545 A.2d at 866 (emphasis added). In their Response, Plaintiffs concede by affidavit that their actual damages, assuming they prevailed on their claims, would be limited to, at best, somewhere in the neighborhood of $20,000. Moderacki Aff., at ¶ 13. However, Plaintiffs have absolutely no evidence to support such claims. All through discovery, Plaintiffs have failed to quantify the actual damages – those which have not already been completely repaid by Defendants – that they alleged to have incurred as a result of any wrongdoing on the part of Defendants.

---

[1] This exhibit, Defendants' expert report, is contained in the Appendix filed with Defendants' original Motion for Summary Judgment.

In his Affidavit, Moderacki states that as of September 4, 2003, the "total funds misappropriated between the schemes were $175,985.71. At this date, after all restitutions have been applied, including [Defendants] $16,000, there remains approximately $20,000 that has been identified to date that has not been recovered by [Oles LLC]." Id. First, this statement clearly illustrates that Plaintiffs concede that nearly all of the alleged "misdirected" funds have been repaid. Second, although Moderacki claims an additional $20,000 remains unpaid, neither this Affidavit, nor any other document presented by Plaintiffs explains how this amount was calculated or what evidence supports such amount. Because discovery is over and trial begins in less than two weeks, it is fair to assume that Plaintiffs will not and cannot present a shred of evidence in support of this $20,000 damage calculation. Clearly, it would be unfair to allow Plaintiffs to, for the first time, present some evidence to support this damages figure at trial. Thus, because Plaintiffs have conceded that they have already been repaid nearly all of what they believe was taken from them, any testimony or other "evidence" of Plaintiffs alleged additional claim for $20,000 in actual damages should not be admitted at trial.

**II.     Plaintiffs' Claim for Actual Damages is Mere Speculation.**

As described above, Plaintiffs have failed not only to quantify their actual damages, but have also failed to show how their remaining claim for $20,000 is a "certain result" of any conduct on the part of Defendants. Spang, 545 A.2d at 866. Nothing in the record contains any explanation or breakdown for this damages amount, or that such damages were the result of conduct by Defendants Robinson and Oechsle. Thus, because such a claim is wholly speculative and unsupported by any evidence in the record, any testimony or other "evidence" relating to this nebulous claim for $20,000 in actual damages remaining should be excluded at the trial in this case.

**CONCLUSION**

For the foregoing reasons, Defendants, GTD Company, Inc., Harold T. Robinson and David Oechsle, respectfully request that the Court grant their Motion in Limine and issue an Order:

A. Excluding any evidence relating to the approximately $20,000 in actual damages sustained by Plaintiffs claim as a result of alleged an embezzlement scheme by Defendants; and

B. Granting such other and further relief as justice and equity require.

Dated: March 17, 2004

/s/
Jefferson V. Wright (Federal Bar No. 00990)
Tessa Laspia Frederick (Federal Bar No. 25374)
Brian D. Craig (Federal Bar No. 25710)
Miles & Stockbridge P.C.
10 Light Street, Suite 1200
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Defendants and Counterclaimants,
GTD Company, Inc., Harold T. Robinson
and David Oechsle

::ODMA\PCDOCS\BALT01\813099\1